UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CALVIN HARRIS,

                          Plaintiff,

                                              No. 3:17-CV-932

            -V-

TIOGA COUNTY; TIOGA COUNTY DISTRICT
ATTORNEY'S OFFICE; GERALD KEENE,
Former Tioga County District Attorney;
UNIDENTIFIED JANE/JOHN DOE #1-10, Tioga
County Employees; STEVEN ANDERSEN, New
York State Police Investigator; SUSAN MULVEY,
New York State Police Investigator; UNIDENTIFIED
LESTER, New York State Police Investigator;
UNIDENTIFIED JANE[1]/JOHN DOE #11-20, New
York State Police Employees; and BARBARA
THAYER,

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

BARKET, EPSTEIN & KEARON ALDEA        BRUCE A. BARKET, ESQ.
    & LOTURCO, LLP                    DONNA ALDEA, ESQ.
Attorneys for Plaintiff              ALEXANDER ROBERT KLEIN, ESQ.
666 Old Country Road
Suite 700
Garden City, NY 11530

GOLDBERG SEGALLA                      PATRICK B. NAYLON, ESQ.
Attorneys for Tioga County Defendants
2 State Street, Suite 1200
Rochester, NY 14614

5786 Widewaters Parkway               SHANNON T. O'CONNOR, ESQ.
Syracuse, NY 13214

---

[1] The docket reflects "Jand Doe." It is presumed this is merely a typo and the Clerk is directed to amend the docket to reflect "Jane Doe."

HON. LETITIA JAMES                              ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York      COLLEEN D. GALLIGAN, ESQ
Attorney for State Defendants                   Ass't Attorneys General
The Capitol
Albany, NY 12224

BUTLER & BUTLER, P.C.                           DAVID E. BUTLER, ESQ.
Attorneys for Defendant Thayer
231-241 Main Street
Vestal, NY 13850


DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

Calvin Harris ("plaintiff" or "Harris) filed this civil rights action seeking compensatory and punitive damages for injuries he sustained over the course of a fifteen year period, beginning on September 11, 2001 when his estranged wife went missing.

Plaintiff's operative complaint asserts claims against Tioga County; Tioga County District Attorney's Office; Gerald Keene, Former Tioga County District Attorney (collectively the "Tioga County defendants"); Unidentified Jane/John Doe #1-10, Tioga County Employees; as well as Steven Andersen, New York State Police Investigator; Susan Mulvey, New York State Police Investigator; Unidentified Lester, New York State Police Investigator (collectively the "State defendants"); Unidentified Jane/John Doe #11-20, New York State Police Employees; and Barbara Thayer, alleging federal and state law violations of his civil rights.

Harris asserts 42 U.S.C. § 1983 claims for malicious prosecution, fabrication of evidence, failure to investigate, suppression of favorable evidence, conspiracy, supervisory

liability, and due process and stigma-plus defamation against the individual defendants, as well as a claim pursuant to Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978) against Tioga County. Plaintiff also asserts state law claims for malicious prosecution and intentional/negligent infliction of emotional distress.

The Tioga County defendants moved for a more definite statement under Federal Rule of Civil Procedure ("Rule") 12(e). Plaintiff opposed the motion and the Tioga County defendants replied. The motion was fully briefed and taken on the basis of the written submissions.

## II. BACKGROUND[2]

### A. Disappearance and investigation

In September 2001, plaintiff and his wife Michele Harris ("Michele") were nearing resolution of divorce proceedings. Compl. ¶ 27. Though separated, the two continued to share the family home to care for their four children. Id. ¶¶ 26–27. On September 11, 2001, Michele did not return home; her car was found parked on the street at the end of the long driveway that led to the family's home. Id. ¶ 28. She was never seen again. Id.

Police searched the family home as well as the extensive wooded property surrounding the home. Id. ¶ 29. A week later, police discovered droplets of blood on a door, several small bloodstains on a rug, and trace amounts in the garage, together constituting less than ten drops. Id. ¶¶ 5, 31. Over the next five years, police conducted numerous searches and interviews but found no evidence that implicated Harris in his wife's disappearance. Id. ¶¶ 7–8.

---

[2] This brief factual background is based upon allegations contained in the Complaint.

### B. First trial

Despite a lack of evidence, in 2005, defendant District Attorney Gerald Keene made the decision to indict Harris.  Id. ¶ 8.  Defendants thereafter fabricated and falsified evidence, falsely arrested, and maliciously prosecuted him.  Id. ¶ 9.  To accomplish this, District Attorney Keene conspired with defendant law enforcement officers as well as defendant Barbara Thayer, who had worked for the Harris family cleaning their home and caring for their children.  Id. ¶¶ 34–35.  Defendants also failed to investigate other individuals, including Michele's boyfriend at the time.  Id. ¶¶ 68–74.

The case, strung together with fabricated evidence and false testimony and full of misconduct, was presented to a grand jury.  Id. ¶¶ 75–78.  The first indictment was dismissed by a court based upon the prosecutor's conduct of intentionally presenting inadmissible evidence to the grand jury.  Id. ¶ 78.  The District Attorney re-presented the case to a different grand jury and the case proceeded to trial in May 2007.  Id. ¶ 79.

After a lengthy trial, Harris was found guilty of one count of murder in the second degree.  Id.  Prior to sentencing, plaintiff's counsel filed a motion to set aside the verdict based upon new eyewitness evidence.  Id. ¶ 80.  On November 2, 2007, the Court vacated the conviction based upon the newly discovered evidence.  Id. ¶ 82.  Upon appeal, the appellate court affirmed the vacatur.  Id. ¶ 83.

### C. Second trial

The case was tried for a second time and Harris was found guilty of murder in the second degree.  Id. ¶ 84.  Plaintiff's motion to set aside the verdict was denied and he was sentenced to a term of incarceration of twenty five years to life.  Id.  He appealed the conviction and on July 28, 2011, an appellate court affirmed the jury's verdict.  Id. ¶ 85.

Harris sought leave to the New York Court of Appeals which granted leave and on October

18, 2012, his conviction was reversed. Id. ¶ 86.

At the time of this decision, Harris had already served over three and a half years of

his prison term (three weeks upon being indicted in 2005, six months in 2007 after the first

conviction, and then from July/August of 2009 to October of 2012 after the second

conviction). Id. ¶ 87.

### D. Third trial

The case was tried for a third time. Id. ¶ 88. This trial resulted in a mistrial on May 15,

2015. Id.

### E. Fourth trial

The case was retried for a fourth time. At the conclusion of the fourth trial, on May 24,

2016, Harris was acquitted of the one count of murder in the second degree. Id. ¶ 89.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(e) states in part that

[a] party may move for a more definite statement of a pleading to which a
responsive pleading is allowed but which is so vague or ambiguous that the
party cannot reasonably prepare a response. The motion must be made before
filing a responsive pleading and must point out the defects complained of and
the details desired.

"Whether to grant a motion for a more definite statement is in the discretion of the

court." Kuklachev v. Gelfman, 600 F. Supp. 2d 437, 456 (E.D.N.Y. 2009). "Motions pursuant

to Rule 12(e) are disfavored and should not be granted unless the complaint is so

excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant

seriously in attempting to answer it." Greater N.Y. Auto. Dealers Ass'n v. Envtl. Sys. Testing,

Inc., 211 F.R.D. 71, 76 (E.D.N.Y. 2002) (internal quotations omitted). "The rule is designed

to remedy unintelligible pleadings, not to correct for lack of detail." Kuklachev, 600 F. Supp. 2d at 456 (internal quotations omitted); see also Crawley v. City of Syracuse, No. 5:17-CV-1389, 2018 WL 3716782, at *4 (N.D.N.Y. Aug. 3, 2018) ("A motion for a more definite statement under Fed. R. Civ. P. 12(e) is intended to address unintelligibility, rather than a lack of detail."). "The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings." Holmes v. Fischer, 764 F. Supp. 2d 523, 532 (W.D.N.Y. 2011) (internal quotations omitted).

Rule 12(e) motions are "generally disfavored by the courts because of their dilatory effect," given that they often add little that discovery could not provide, while creating delay. Fraije v. Clinton, No. 8:10–CV–514, 2010 WL 5464802, at *2 (N.D.N.Y. Dec. 29, 2010) (Treece, M.J.). Such a motion "is not a vehicle to advance objections, which cannot support a Rule 12(b)(6) motion, in order to defer a defendant's time to answer and delay the progress of the action." Id. at *1 (internal quotations omitted).

## IV. **DISCUSSION**

The moving defendants contend that the Complaint "does not provide enough detail and contains far too many vague, conclusory, all encompassing allegations for the Defendant to respond appropriately and raise the pertinent affirmative defenses." Defs.' Mem. of Law in Supp., ECF No. 14–4, 2. They also complain that "the larger part of the Complaint consists of vague and conclusory allegations unencumbered by supporting facts." Id.

On August 22, 2017 Harris filed a highly detailed complaint explaining the background (and more) over the course of 141 paragraphs and more than twenty five pages. The Complaint's statement of facts alone is ten pages long and divided into headings and subheadings that organize the lengthy case history as well as delineate the facts relevant to

specific claims and specific defendants. The Complaint lays out the parties, facts, and legal claims against the defendants. Specifically, the Tioga County defendants are on notice as to the facts giving rise to plaintiff's claims and have been provided sufficient information on which to submit an answer. Harris's Complaint is not excessively vague nor ambiguous as to be unintelligible.

Moreover, the Tioga County defendants request information that is already in the Complaint. They request plaintiff "[i]Identify specifically the individuals with whom Gerald Keene conspired with" and "[i]dentify with specificity the fabricated evidence Plaintiff alleges Gerald Keene introduced." Defs.' Mem. of Law in Supp., 5, ¶¶ 1, 3. The Complaint specifically states that "Defendant Investigators and Defendant District Attorney" acted together and along with defendant Thayer. Compl. ¶¶ 36–45. Harris also includes a myriad of allegations regarding the allegedly fabricated evidence, including alleging that photographs of "red" drops of blood at the scene were "altered," color enhanced, and impermissibly admitted into evidence. Id. ¶¶ 52–55.

Finally, the Tioga County defendants' request for the "fabricated evidence Plaintiff alleges anyone else introduced, including the identity of such person" and similar demands do not fit the purpose of Rule 12(e). See Kuklachev, 600 F. Supp. 2d at 456. These are discovery requests that may be appropriate for an interrogatory or a deposition. Defs.' Mem. of Law in Supp., 5, ¶ 4. Nor have these defendants explained why they cannot seek this and other requested information in discovery. See Holmes, 764 F. Supp. 2d at 532; Fraije, 2010 WL 5464802, at *4.

Accordingly, the Tioga County defendants' motion for a more definite statement will be denied.

## V.  CONCLUSION

Plaintiff's lengthy and detailed Complaint can hardly be said to be the sort of unintelligible pleading as to prejudice the Tioga County defendants in attempting to answer it. To the contrary, the State defendants as well as defendant Thayer have already answered the Complaint.  For the above reasons, the Tioga County defendants' motion for a more definite statement will be denied and they are directed to answer the Complaint.

Therefore, it is

ORDERED that

1.  Defendants Tioga County, Tioga County District Attorney's Office, and Gerald Keene's motion for a more definite statement is DENIED; and

2.  Defendants Tioga County, Tioga County District Attorney's Office, and Gerald Keene are directed to answer the Complaint or otherwise move in accordance with the Federal Rules of Civil Procedure within twenty (20) days of the date of this Memorandum-Decision and Order.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  August 19, 2019
        Utica, New York.