UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------

CALVIN HARRIS,

           Plaintiff,

       -v-                       3:17-CV-932

TIOGA COUNTY, TIOGA COUNTY DISTRICT ATTORNEY'S OFFICE, GERALD KEENE, Former Tioga County District Attorney, UNIDENTIFIED JANE/JOHN DOE #1-10 TIOGA COUNTY EMPLOYEES, STEVEN ANDERSEN, New York State Police Investigator, SUSAN MULVEY, New York State Police Investigator, UNIDENTIFIED LESTER, New York State Police Investigator, UNIDENTIFIED JANE/JOHN DOE #11-20 NEW YORK STATE POLICE EMPLOYEES, and BARBARA THAYER,

           Defendants.

-----------------------------------

APPEARANCES:                       OF COUNSEL:

BARKET EPSTEIN & KEARON      ALEXANDER ROBERT
   ALDEA & LOTURCO, LLP         KLEIN, ESQ.
Attorneys for Plaintiff           BRUCE A. BARKET, ESQ.
666 Old Country Road, Suite 700   DONNA ALDEA, ESQ.

Garden City, NY 11530

| | |
|---|---|
| GOLDBERG, SEGALLA LAW FIRM<br>Attorneys for Defendants Tioga<br>    County, Tioga County District<br>    Attorney's Office, and<br>    Gerald Keene<br>2 State Street, Suite 1200<br>Rochester, NY 14614 | PATRICK B. NAYLON, ESQ.<br>SHANNON T. O'CONNOR, ESQ. |
| HON. LETITIA JAMES<br>New York State Attorney General<br>Attorneys for Defendants Steven<br>    Andersen, Susan Mulvey,<br>    and Unidentified Lester<br>The Capitol<br>Albany, NY 12224 | ADRIENNE J. KERWIN, ESQ.<br>COLLEEN D. GALLIGAN, ESQ.<br>Ass't Attorneys General |
| BUTLER, BUTLER LAW FIRM<br>Attorneys for Defendant Barbara<br>    Thayer<br>234-241 Main Street<br>Vestal, NY 13850 | MATTHEW C BUTLER, I, ESQ.<br>DAVID E. BUTLER, ESQ. |

DAVID N. HURD
United States District Judge

# MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

Plaintiff Calvin Harris ("Mr. Harris" or "plaintiff") has appealed from a May 10, 2021 Order issued by U.S. Magistrate Judge Thérèse Wiley Dancks denying his motion to compel non-party witness Betty Keene, Esq. ("Attorney Keene") to answer certain deposition questions. The appeal has been fully

briefed and will be considered on the basis of the submissions without oral argument.

## II. BACKGROUND[1]

Mr. Harris lives in Tioga County. Compl. ¶ 17. In September of 2001, he and his wife, Michele Harris ("Mrs. Harris" or "Michele"), were separated and in the midst of divorce proceedings. *Id.* ¶ 27. Although they were estranged, the Harrises continued to share the family house in Spencer, New York. *See id.*; *see also People v. Harris*, 19 N.Y.3d 679, 683 (N.Y. 2012).

Mrs. Harris disappeared the night of September 11, 2001. The family's babysitter found her car abandoned on the street at the end of a long driveway that led to the family's home. *See* Compl. ¶ 28; *Harris*, 19 N.Y.3d at 683. However, an investigation by law enforcement came up empty save for a few drops of dried blood in the kitchen and the garage. Compl. ¶ 5. Mrs. Harris has not been seen since and was eventually presumed dead. *See id.*

The Tioga County District Attorney sought and obtained an indictment charging Mr. Harris with Michele's murder. Compl. ¶ 8. When the first indictment was thrown out for prosecutorial misconduct, the District Attorney presented the case to a different grand jury and obtained a second

---

[1] This background is taken from a review of plaintiff's complaint, the underlying Order denying the motion to compel, and a review of the other materials available on the Court's electronic docket.

indictment. *Id.* ¶¶ 78–79. Plaintiff was later found guilty of one count of second-degree murder. *Id.* ¶ 79.

However, on November 2, 2007, the trial court vacated the conviction on the basis of certain newly discovered evidence. Compl. ¶¶ 80–83. The case went to trial a second time. *Id.* ¶ 84. Mr. Harris was again convicted, but this time the New York Court of Appeals reversed. *Harris*, 19 N.Y.3d at 685. A third trial ended in a hung jury. *See* Compl. ¶ 88. A fourth trial ended in an acquittal. *Id.*

On August 22, 2017, plaintiff filed this 42 U.S.C. § 1983 action alleging that the Tioga County District Attorney had conspired with state and local law enforcement officials to, *inter alia*, maliciously prosecute him on the basis of false and fabricated evidence in violation of federal and state law.

During discovery, Mr. Harris subpoenaed Attorney Keene[2] to testify about certain communications she had with Mrs. Harris during the divorce proceedings. *See* Dkt. No. 68. As plaintiff explained, Attorney Keene had been paid by Robert Miller ("Attorney Miller"), Mrs. Harris's divorce attorney, to prepare a Family Offense Petition seeking an order of protection against Mr. Harris about five months before she disappeared. *Id.* Attorney

---

[2] Attorney Keene is married to named defendant Gerald Keene, the former Tioga County District Attorney. According to plaintiff, defendant Keene spearheaded the effort to prosecute him on the basis of the false and/or fabricated evidence.

Keene sat for a deposition but refused to answer any questions about her communications with Mrs. Harris on the basis of attorney–client privilege. Ex. B to Klein Decl., Dkt. No. 68-2.

On January 12, 2021, Mr. Harris moved to compel Attorney Keene to answer certain questions about notes she made in Mrs. Harris's client file while working to prepare the Family Offense Petition under the direction of Attorney Miller. Dkt. No. 68-1. It turns out that Attorney Miller—who died in 2006—turned over to law enforcement his entire file on Mrs. Harris's divorce case during the initial investigation into her disappearance. *Id.* This disclosure included a significant number of notes made by Attorney Keene. *Id.* In plaintiff's view, Attorney Miller's blanket disclosure of the client file amounted to a waiver of the privilege over the entire subject matter. *Id.* According to plaintiff, the privilege could not be unilaterally reasserted decades later by Attorney Keene. *Id.*

On May 7, 2021, Judge Dancks heard argument and denied Mr. Harris's motion to compel. *See* Dkt. No. 77. In so doing, Judge Dancks reasoned that the privilege belonged to the client, not the attorney, and that Mrs. Harris never waived the privilege. *Id.* Because Judge Dancks found that Attorney Miller's disclosure to law enforcement did not result in a "sweeping subject matter waiver," she concluded that Attorney Miller's conduct did not extend

to Attorney Keene. *Id.* Judge Dancks reduced her order to a writing on May 10, 2021. *Id.* Plaintiff appealed. Dkt. No. 78.

## III. LEGAL STANDARD

Discovery rulings are generally considered non-dispositive of litigation. *See, e.g., Moss v. Enlarged City Sch. Dist.*, 166 F. Supp. 2d 668, 670 (N.D.N.Y. 2001) (Kahn, J.). A non-dispositive ruling may only be modified or set aside if it is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). "A finding is clearly erroneous if the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 685 (N.D.N.Y. 2015) (Suddaby, J.) (cleaned up). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.*

## IV. DISCUSSION

Mr. Harris argues that Attorney Miller's disclosure to law enforcement waived the attorney–client privilege on Mrs. Harris's behalf. Pl.'s Mem., Dkt. No. 78-1 at 10.[3] According to plaintiff, this waiver covered the entire subject matter. *Id.* Thus, in plaintiff's view, "there [is] no privilege left for [Attorney Keene] to assert." *Id.*

---

[3] Pagination corresponds to CM/ECF.

- 6 -

In opposition, the Tioga County defendants argue that Attorney Miller's disclosure of his client file does not extend to Attorney Keene's communications with Mrs. Harris. Defendants point out that Attorney Keene has consistently refused to testify about her communications with Mrs. Harris, even going so far as to refuse to do so during the underlying criminal trial against Mr. Harris. Defs.' Opp'n, Dkt. No. 80-1 at 11. In defendants' view, Attorney Miller's disclosure to law enforcement occurred pursuant to an ethics rule that permits disclosure without waiving privilege. *Id.* at 12.

"The attorney–client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance." *In re County of Erie*, 473 F.3d 413, 418 (2d Cir. 2007).[4] As a general matter, the privilege "attaches to (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." *Haider v. Geller & Co., LLC*, 457 F. Supp. 3d 424, 428 (S.D.N.Y. 2020).

This privilege is "the oldest of the privileges for confidential communications known to the common law." *Upjohn v. United States*, 449

---

[4] The parties have been imprecise on this point, but "questions about privilege in federal question cases are resolved by the federal common law." *Woodward Governor Co. v. Curtiss Wright Flight Sys., Inc.*, 164 F.3d 123, 126 (2d Cir. 1999); *see also von Bulow ex rel. Auersperg v. von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987).

U.S. 383, 389 (1981). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* "The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Id.*

However, "[b]y shielding attorney–client communications against disclosure, . . . the privilege often forecloses parties from obtaining relevant evidence that would otherwise be discoverable." *Swift Spindrift, Ltd. v. Alvada Ins., Inc.*, 2013 WL 3815970, at *3 (S.D.N.Y. July 24, 2013). "For that reason, the privilege is 'narrowly' construed and applied 'only where necessary to achieve its purpose.'" *Id.* (quoting *In re County of Erie*, 473 F.3d at 418)).

Upon review, Judge Dancks's order denying Mr. Harris's motion to compel will be affirmed.[5] "It is well-established that the attorney–client privilege belongs solely to the client and may only be waived by him or her." *Lama v. Malik*, 25 F. Supp. 3d 316, 319 (E.D.N.Y. 2014). "Indeed, the attorney's disclosure of the communication does not relinquish the privilege without the client's consent or waiver." *Id.* However, "the Second Circuit has

---

[5] Notably, "[t]he attorney–client privilege and the duty to preserve client confidences and secrets are not co-extensive." *Bernstein v. Berstein Litowitz Berger & Grossmann, LLP*, 814 F.3d 132, 145 (2d Cir. 2016) (cleaned up).

acknowledged that there may be certain circumstances where an attorney possesses 'an implied authority to waive the privilege on behalf of his client.'" *Lama*, 25 F. Supp. 3d at 319 (quoting *In re von Bulow*, 828 F.2d 94, 101 (2d Cir. 1987)).

Neither party contends that Mrs. Harris waived the privilege. Instead, Mr. Harris principally relies on Rule 502(a) of the Federal Rules of Evidence to argue that Attorney Miller's intentional disclosure of his client file to law enforcement during the investigation into her disappearance effected a subject matter waiver of the privilege. Pl.'s Mem. at 13–15.

"[A] subject matter waiver . . . is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary." *Swift Spindrift, Ltd.*, 2013 WL 3815970, at *5 (quoting Rule 502(a) advisory committee's note).

"Subject-matter waiver applies where considerations of fairness should allow the attacking party to reach all privileged conversations regarding a particular subject once one privileged conversation on that topic has been disclosed in order to avoid prejudice to the adversary party and distortion of the judicial process that may result from selective disclosure." *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 94 (W.D.N.Y. 2011) (cleaned up). The question of whether fairness requires disclosure must be decided on

a case-by-case basis and depends on the specific context in which the privilege is asserted. *Id.* at 95; *In re County of Erie*, 546 F.3d at 299.

Mr. Harris acknowledges that Attorney Keene did not participate in the disclosure of any of the materials. Pl.'s Mem. at 14. And as Judge Dancks noted, plaintiff already has available to him the notes recorded in the client file that were previously disclosed by Attorney Miller. Dkt. No. 77 at 6. Considering all of the circumstances, Judge Dancks did not "clearly err" or act "contrary to law" in denying plaintiff's request to *also* compel Attorney Keene to "testify about her recollections with regard to her conversations with Michele Harris concerning the legal work that [Attorney] Keene did on the protective order application." *Id.* at 7.

## V. CONCLUSION

Therefore, it is

ORDERED that

Judge Dancks's Order is AFFIRMED.

The Clerk is directed to terminate the pending motion.

IT IS SO ORDERED.

Dated: July 16 2021
       Utica, New York.

United States District Judge