

October 27, 2025

Hon. Mae A. D'Agostino, U.S.D.J.
Northern District of New York
James T. Foley Courthouse
445 Broadway
Albany, New York 12207

    Re:    Calvin Harris v. Tioga County et al.
                Case No. 17-CV-932

Dear Judge D'Agostino,

    This morning, the Court expressed its inclination to allow the polygraph references into evidence because of reasoning in *Restivo v. Hessemann*, 846 F.3d 547, 570 (2d Cir. 2017). We write to express why *Restivo* is not a Trojan Horse for allowing polygraph evidence into a federal civil rights trial like this one. To prevent this highly prejudicial and inadmissible evidence from tainting the outcome of these proceedings, and, ironically, potentially necessitating the type of extraordinary retrial that stained the proceedings in *Restivo*, we urge the Court to preclude this evidence as inadmissible before the opening statements render the damage irreversible.

    A brief procedural history of *Restivo* is in order. In *Restivo*, following an initial defense verdict, the Eastern District of New York had granted a new trial after holding that it had given faulty jury instructions about the admissibility of a confession. The confession had been deemed inadmissible in the underlying criminal proceedings because its admission would have violated the Confrontation Clause once the confessor refused to testify. Citing *Boyd*, the District Court reasoned that because the confession was inadmissible in criminal court it should have been inadmissible in the civil rights proceedings—and that a jury instruction that would have allowed this evidence to contribute toward the jury's probable cause assessment was in error. *Id*. at 570.

    On appeal, the Second Circuit affirmed the District Court—both the outcome of the retrial, which ended favorably for Plaintiff; and the District Court's decision to order a new trial in the first place. But in the process, while affirming, the Circuit engaged in a discussion of why it disagreed with the District Court's reasoning about the confession's admissibility. In this *dicta*,

the *Restivo* court limited both *Boyd* and *Restivo* itself—citing the "unusual set of facts" in *Boyd*, where evidence tended to show "that police understood at the time that this [evidence] could not be used to prove a criminal case; and the "specific and unusual context of this civil case" in *Restivo* itself. *Id*. at 570, 572. It proceeded to hold that *Boyd* on its own did not warrant preclusion of the confession, because, in Restivo's case, the confession was not inadmissible in criminal court on its face—but, instead, its inadmissibility depended upon the contingencies of who ultimately agreed to testify on behalf of the prosecution. As *Restivo* explained:

> at the time members of the police … made the decision to refer Restivo … for prosecution, it was not yet clear whether Kogut's confession would be admissible…. If … Kogut had cooperated against Restivo … and testified at … trial, there would have been no Confrontation Clause problem.

*Id*. at 571.

Yet these dynamics do not assist the defense in this case, and to the contrary it reinforces why the polygraph should be precluded.

First and most centrally, just as *Restivo* recognized about *Boyd*, here it was "understood at the time that this [polygraph] could not be used to prove a criminal case"—for polygraph evidence has been inadmissible in the State of New York since long before Calvin's prosecution. *See, e.g., People v. Angelo,* 88 N.Y.2d 217, 221 (1996) ("appellate courts of New York have consistently held polygraph testing inadmissible as scientifically unreliable"). Again, Defendant Mulvey has acknowledged this understanding. *See* ECF 181-9 at 52 ("Q Well, polygraphs, you know they are inadmissible, right, in literally or virtually every court in the country. [*objection*] Q You know that; don't you? A I do"). This "unusual" fact thus aligns the present case with *Boyd*—as the *Restivo* logic underscores.

Second, where the Second Circuit questioned the District Court's logic in *Restivo* because of the "temporal component" of the confession's inadmissibility (*id*. at 571)—it was inadmissible because a witness later refused to testify—this again reinforces why the polygraph here should be precluded. That is, the admissibility or inadmissibility of a polygraph was never dependent on time or witness logistics. It was dependent on the rule barring polygraph evidence in criminal cases that had been in place across the State of New York since long before Calvin was ever indicted.

Third, this entire analysis in *Restivo* was dicta—as the Circuit ultimately affirmed the District Court's grant of a new trial and the trial's outcome. That is why, contrary to the notion that *Restivo* rendered *Boyd* of limited use or value, it has continued to be cited in our Circuit's

2

District Courts for the very same proposition on which it applies here. *See, e.g., Ortiz v. County of Nassau*, 2025 WL 590706, at *9 (E.D.N.Y. 2025) ("The evidence supporting probable cause in a malicious prosecution case must be admissible because a prosecution would not likely succeed based on inadmissible evidence"); *Caraballo v. City of New York*, 726 F. Supp.3d 140, 160 (E.D.N.Y. 2024) ("The evidence supporting probable cause must be admissible because a prosecution would not likely succeed on the basis of inadmissible evidence"); *Walker v. Carrozzo*, 664 F. Supp.3d 490, 517 (S.D.N.Y. 2023) ("where evidence 'would clearly not be admissible,' 'there would be no probable cause to believe that the prosecution could succeed'") (citing *Boyd*); *Vasquez v. Reilly*, 2017 WL 946306, at *8 (S.D.N.Y. 2017) (same).

At bottom, there was never a good faith basis to believe that polygraph evidence would be admissible in Calvin's prosecution, and its inadmissibility did not depend on any contingencies whatsoever other than the criminal court applying the settled law barring polygraph evidence. Thus under *Boyd*—and even under *Restivo*—it is not admissible toward the Defendants' probable cause showing in this case.

We note that if the decisive factor here were to show why the Defendants pursued Calvin in comparison to other suspects, and to thus be admissible on the element of malice, the polygraph evidence is so unfairly prejudicial that it should still fail the balancing test required by Rule 403; and, in the alternative, we would sooner waive the ability to introduce the other-suspect evidence than to allow the polygraph into the deliberation room.

Respectfully,

/s/
Bruce Barket
Aida Leisenring
Alexander Klein
Alexis Epstein