

November 4, 2025

Hon. Mae A. D'Agostino, U.S.D.J.
Northern District of New York
James T. Foley Courthouse
445 Broadway
Albany, New York 12207

    Re:    Calvin Harris v. Tioga County et al.
              Case No. 17-CV-932

Dear Judge D'Agostino,

      In advance of this trial, the Court made clear that the proceedings will center around the narrow question whether the defendants fabricated evidence or co-opted witnesses.[1] However, the State Defendants have now previewed their intention to turn this approach onto its head. As now seems reasonably clear, the State Defendants wish to use a wide array of leads from the criminal case even though they have no bearing on the fundamental questions in this case concerning evidence-fabrication, including but not limited to "evidence" of third-party polygraph tests. This reflects an attempt to use evidence that is so classically inadmissible that it could never possibly affect the likelihood of success in a criminal prosecution, which is the only probable cause standard that matters at this trial. *Caraballo v. City of New York*, 726 F. Supp.3d 140, 160 (E.D.N.Y. 2024) ("The evidence supporting probable cause must be admissible because a prosecution would not likely succeed on the basis of inadmissible evidence").[2]

      Nevertheless, the State Defendants ask the Court to permit this deluge of information through the auspices of "malice"—reasoning that any piece of evidence against Calvin, no matter

---

[1] *See* Transcript from Pretrial Hearing (10/8/2025) at 15-16 ("That's the case that I intend to try. I'm not retrying any criminal case").

[2] As we have previously described, there is no genuine question that polygraph evidence is inadmissible in criminal court and could thus not affect the likelihood of success at a criminal trial. *People v. Angelo*, 88 N.Y.2d 217, 221 (1996) ("appellate courts of New York have consistently held polygraph testing inadmissible as scientifically unreliable"). *See also United States v. Johnson*, 446 F.3d 272, 278 (2d Cir. 2006) ("polygraph results are inadmissible as evidence").

1

whether it was admissible in criminal court or not, is relevant to counteract the contention that the investigation into Calvin was a function of pure malice. In their view, any information that raised suspicion about Calvin or dispelled suspicion of others—whether it was a polygraph, prior bad acts, or otherwise—would provide a good faith reason to look at him more carefully and would thus dispel the notion that the prosecution was born of malice. Yet this analysis is fundamentally mistaken, for the question for purposes of malice is not whether the decision to *investigate* him was malicious but whether the *prosecution* of him was malicious.[3]

Properly focused, the question of malice in this litigation can rise and fall on a thumbnail. If a jury believes the defendants fabricated the evidence in question, then there will be no plausible dispute as to malice—for engaging in the fabrication of evidence to facilitate a criminal prosecution could never be aligned with the desire to see the ends of justice done.[4] Alternatively, if a jury believes the State Defendants did not fabricate the evidence in question, then Plaintiff's claims will lose no matter what such that the question of malice will become irrelevant. In either case, letting in the extraneous kitchen-sink approach to why the State Defendants investigated Calvin is purely gratuitous.

The notion that "malice" opens the evidentiary floodgates in a malicious prosecution trial also runs roughshod over *Boyd* and its progeny. *Boyd v. City of New York*, 335 F.3d 72, 77 (2d Cir. 2003). As we have previously outlined, under *Boyd*, the critical probable cause question in a malicious prosecution case is whether there was probable cause that the prosecution would "succeed"—requiring a focus on admissible rather than inadmissible evidence. *See, e.g., Caraballo v. City of New York*, 726 F. Supp.3d 140, 160 (E.D.N.Y. 2024) ("The evidence supporting probable cause must be admissible because a prosecution would not likely succeed on the basis of inadmissible evidence"). Yet if the State Defendants' analysis of malice were accurate, then this exception would swallow the rule—for *every* type of evidence against a malicious prosecution plaintiff, admissible or not, would become fodder for the jury to rebut allegations of malice.

In the end, if allowed, the State Defendants' approach will cause the scope of issues before the jury to mushroom, will require multiple mini-trials as to whether the State Defendants are accurately reporting what they were told or what they reasonably inferred, and will confuse the jury about the scope of the issues necessary to decide the outcome of this case. The jury should be prompted to focus on whether they believe by a preponderance of the evidence that the

---

[3] Based on the twenty-nine exhibits the Defense intends to introduce on Defendant Mulvey's testimony, it is evident that they intend to introduce several leads that a reasonable police officer would know would not be inadmissible in a criminal case. Several of the leads include improper lay witness opinion evidence of Calvin Harris' guilt. These opinions are based on hearsay, double-hearsay, speculation, and statements which are directly contradicted by testimony. The evidence also includes prior bad acts and improper character evidence that was not used in the Grand Jury or Trial and Defense did not move in Limine to introduce.

[4] *Kee v. City of New York*, 12 F.4th 150, 167 (2d Cir. 2021) ("malice may be inferred if Kee is able to demonstrate a lack of probable cause or … the fabrication of evidence").

fabrications occurred; they should not be misdirected toward voluminous, irrelevant, and highly prejudicial leads that run contrary to the focused evidentiary path set by the Court.

Respectfully,

/s/
Bruce Barket
Aida Leisenring
Alexander Klein
Alexis Epstein